**In re John Joseph POSADA and Tamme LaFaye Posada, Debtors.**

**Bankruptcy No. 1–89–03258.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Aug. 31, 1990.

William E. Huber, St. Marys, Ohio, for debtors.

Malcolm L. Goodman, Marion, Ohio, Trustee.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after a Continued Show Cause Hearing on Why Donnerberg T.V.'s Motion Should Not Be Dismissed for Failure to Prosecute and Hearing on Motion of Debtors' for Certificate of Contempt. The Court has reviewed the evidence, as well as the entire record in this case. Based on that review, and for the following reasons, the Court finds that Donnerberg T.V.'s Motion for Return of the Curtis Mathes Video Cassette Recorder should be Dismissed and the Debtors' Certificate of Contempt should be denied.

## FACTS

The Debtors in this case, John and Tamme Posada, filed their Chapter 7 Petition on November 9, 1990. The Posada's listed Donnerberg T.V. as an unsecured creditor.

On January 9, 1990, Donnerberg T.V. filed a Motion for the release and return of a Curtis Mathes video cassette recorder allegedly held by John and Tamme Posada. The Motion did not allege that Donnerberg T.V. had any security interest in the item. The Court issued an Order on January 12, 1990, setting a January 25, 1990, Hearing date for the Donnerberg Motion. The Debtors filed a Motion for Continuance of the January 25th Hearing, and also filed a Motion to Dismiss, noting that the Creditor had not attached proof of a security interest in its Motion. In the alternative, the Debtors requested that if they prevailed, the Creditor be required to reimburse them for reasonable attorney fees accrued in attending the Hearing.

The Creditor, through Tim Oehrtman, filed an Answer to Motion to Dismiss on January 25, 1990. The Answer alleged that the Debtors said they would return the V.C.R., and failed to do so upon the advice of their attorney. Mr. Oehrtman also stated that Debtors' attorney had "threatened" the Creditor with a contempt charge if a security interest were filed on the V.C.R. by Donnerberg T.V. On the same date, the Creditor also filed a Motion to Stay, asking the Court to appoint a trustee to hold the V.C.R. until the issues in this action were resolved by the Court.

The Court rescheduled the Hearing on the various pleadings in this action, setting the matter for January 30, 1990. Donnerberg T.V. failed to appear. This matter was again rescheduled, this time for February 5, 1990, on a Show Cause Hearing on Why Donnerberg T.V.'s Motion Should Not be Dismissed for Failure to Prosecute. Again, the Creditor failed to appear.

Counsel for the Debtors filed a Motion for Certificate of Contempt on February 13, 1990. This matter was again rescheduled, and on February 26, 1990, a Hearing was held on all issues. At the Hearing, the parties presented evidence that the purchase of the V.C.R. was a standard retail sale, with "90 days the same as cash". Donnerberg T.V. took no security interest at the time of sale. The only document

introduced by the Creditor was a sales slip dated December 16, 1988.

## LAW

■ The law in this case is relatively simple. If a creditor has a properly perfected security interest in an item which is in the possession of a Chapter 7 Debtor, the creditor may have the right to have the item returned. If there is not a perfected security interest, the item generally becomes property of the estate, and if the item is not exempt, the trustee may sell the item for the benefit of creditors.

■ Central to the legal definitions of "perfected security interest" is the concept of notice. Other creditors can, by searching the files where records of security interests are kept, determine whether or not anyone else has any interest in an item, other than the person who has possession. Third parties who do not provide such notice to the world of their adverse interest have been, for centuries, disfavored by the courts. In enacting the Bankruptcy Code, Congress determined that as a general rule liens of these "secret lien holders" would be void in Bankruptcy cases.

■ Here, it is extremely doubtful that Donnerberg T.V. holds any sort of lien on the Debtors' video cassette recorder. Instead, they are an unsecured creditor, just as they were listed in Debtors' Bankruptcy Petition. As an unsecured creditor, Donnerberg T.V. has no right to have the V.C.R. returned. Federal law provides that they may file a claim in the case. If there are funds available to pay unsecured creditors, Donnerberg would share in any distribution, receiving the same percentage as the other unsecured creditors who file timely claims.

■ Any statements the Debtors made about returning the V.C.R. are not relevant. Their attorney properly advised them not to return the item because at the time their Chapter 7 Petition was filed, the V.C.R. became property of their bankruptcy estate. It was up to the Trustee to decide whether or not to sell the video cassette recorder. Accordingly, it would have been improper for the Posadas to attempt to return the T.V. to Donnerberg.

■ Next, the Court will consider Donnerberg's allegation that they were "threatened" by Debtors' attorney, and therefore did not file a security interest. When a bankruptcy petition is filed, 11 U.S.C. § 362 provides that a "stay" goes into effect automatically, preventing creditors from taking any action against a debtor. This includes filing liens against a debtor's property after bankruptcy has been filed. The alleged threats appear to be nothing more than an accurate statement of the sanctions provided for in 11 U.S.C. § 362(h) for violation of the automatic stay. If Donnerberg had attempted to file a UCC–1 on the Posada's V.C.R., this Court would have imposed sanctions, as Congress clearly intended that it should.

■ However, Donnerberg did not attempt to create and perfect a security interest in the Curtis Mathes video cassette recorder. Instead, it is the Debtors' position that Donnerberg should be held in contempt for failing to appear at scheduled Hearings, and for filing frivolous pleadings in this case. While the Creditor's absence from scheduled Hearings is disturbing, it is not sufficient for a finding of contempt. The Certificate of Contempt also appears to seek to have Donnerberg T.V. held liable for the Debtors' attorney's fees under Bankruptcy Rule 9011, which makes Federal Rule of Civil Procedure 11 applicable in bankruptcy cases.

■ Rule 11 states, in pertinent part:

The signature of an attorney or *party* constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause

unnecessary delay or needless increase in the cost of litigation.

F.R.Civ.P. 11 (emphasis added).

If the materials Donnerberg filed in this case had been prepared and signed by an attorney, this Court would impose sanctions. If, after this Opinion is entered, Donnerberg files a similar action as an unsecured creditor, sanctions will be assessed. Nonetheless, a review of the caselaw reflects that pro se litigants are typically held to a lower standard under Rule 11. Accordingly, the Court will decline to impose sanctions in this case.

The Court is not unsympathetic to the hardship bankruptcy imposes on creditors. However, filing frivolous lawsuits is not the solution. Taking a perfected security interest at the time an item is sold on credit will yield a better result for all parties.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

ORDERED that Donnerberg T.V.'s Motion for Return of Curtis Mathes Video Cassette Recorder be, and is hereby, Denied.

It is FURTHER ORDERED that the Debtors' Motion to Dismiss Donnerberg's Motion be, and is hereby, Granted.

It is FURTHER ORDERED that the Debtors' Motion for Certificate of Contempt be, and is hereby, Denied.